UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS ZAMBRANO-BURGOS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Defendant. | Criminal Case No.:16cr2984-JAH-3<br>Civil Case No.:  19cv152-JAH<br><br>**ORDER DISMISSING PLAINTIFF'S MOTION UNDER 28 U.S.C. § 2255 AS UNTIMELY [Doc. No. 98]** |

## INTRODUCTION

Pending before the Court is Plaintiff Jorge Luis Zambrano-Burgos' ("Plaintiff") Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. [Doc. No. 98.]. Defendant, the United States of America ("Defendant"), filed a Response in Opposition to Plaintiff's Motion. [Doc. No. 101.]. Having carefully considered the pleadings in the current action and for the reasons set forth below, the Court hereby **DISMISSES** Plaintiff's motion as untimely.

## BACKGROUND

On December 21, 2016, Plaintiff was indicted on two counts of: (1) Conspiracy to Distribute Five Kilograms and more of cocaine on Board a vessel under 46 U.S.C. §§ 70504, 70506(b) and (2) Possession of Five Kilograms and More of Cocaine with Intent to Distribute on Board a Vessel under 46 U.S.C. § 70503 and 18 U.S.C. §2 [Doc. No. 21.]. On February 14, 2017, Plaintiff entered into a plea agreement and pleaded guilty to the charges of Possession of Cocaine with intent to Distribute on Board a Vessel 46 U.S.C. § 70503 and 18 U.S.C §2 [Doc. No. 57.].

On May 17, 2017, this Court entered judgement on the superseding information, for Possession of Cocaine with intent to Distribute on Board a Vessel under 46 U.S.C. § 70503 and 18 U.S.C §2 [Doc. No. 94]. Plaintiff was sentenced to fifty months in custody and three

years of supervised release with conditions, and no fine. *Id*. On January 22, 2019, Plaintiff filed the instant Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 98.]. On August 30, 2019, Defendant responded to Plaintiff's Motion [Doc. No.101.].

**I. Legal Standard**

    **A. Standard of Review Under 28 U.S.C. § 2255**

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his sentence on the ground that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005).

    **B. Statute of Limitations**

As amended by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2255 provides that the one-year statute of limitations period applicable to federal prisoners runs from the latest of either:

> (1) the date on which the judgement of conviction becomes *final*;
>
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

In the Ninth Circuit, "finality," for section 2255 purposes, shares the same definition of "finality" set forth in 28 U.S.C. § 2244(d)(1). See *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Under section 2244(d)(1), "a judgment becomes 'final' in one of two ways—either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001); *Cf. Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir.1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a Plaintiff can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the Plaintiff actually files such a petition.").

In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days after the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i). United States Supreme Court Rule 13.1 provides that a Plaintiff has ninety days from the entry of judgment or entry of an order denying rehearing, within which to file a petition for certiorari. Sup. Ct. R. 13.1; *See* also *Clay v. United States*, 537 U.S. 522 (2003) (holding that the one-year limitations period applicable to a federal prisoner who files a § 2255 motion and who does not file a petition for a writ of certiorari, begins to run when the ninety-day period for filing the certiorari petition expires).

## **DISCUSSION**

The Court reads Plaintiff's Motion as alleging six grounds by which he is being held in violation of the Constitution. Plaintiff alleges he received ineffective assistance of counsel when: (1) his attorney did not make the argument that he was promised a lighter sentence by agents when arrested; (2) his attorney advised him not to appeal because he was going to file a motion, yet failed to do so; (3) his attorney did not discuss his appeal rights; (4) his attorney promised him he would receive less than fifty months in prison because he was arrested outside of the United States of America; (5) his attorney overlooked his personal extenuating circumstances and the two point end for the Fast-

Track Program § 5K3.1; and (6) because due to his limited knowledge and understanding of the laws, he did not fully understand the sentencing proceedings.

Plaintiff seeks relief from this Court by requesting this motion be granted by reducing his sentence to twenty-four months pursuant to 18 U.S.C. § 3553(A), the First Step Act of 2018, or Federal First Offenders Act. Defendant addressed these grounds in his response, but also contends the claim may be time barred. The Court agrees that the motion is time-barred, and the grounds brought forth on Plaintiff's motion need not be addressed at this time.

Plaintiff states three reasons why the statute of limitations is not applicable to his motion: (1) ineffective assistance of counsel, (2) lack of knowledge of the law, and (3) denied relief under the First Step Act of 2018 or the Federal First Offenders Act. Plaintiff states that his attorney "promised" him that he would file "some motions" after his sentencing date. Plaintiff also states that he has "limited knowledge of the law." However, Plaintiff failed to show how his attorney's promise to file motions and his own limited knowledge change the applicability of the one-year statute of limitations.

Furthermore, the First Step Act of 2018 does not provide an exception that allows Plaintiff to file a motion after the statute of limitations.[1] *See* First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. Plaintiff also references the Federal First Offender Act[2], which

---

[1] The First Step Act of 2018 was created to reduce recidivism, reform sentencing, reauthorize the Second Change Act of 2007, and to also address other criminal justice issues. *See* First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. The First Step Act provided sentencing reform under section 401 to "[r]educe and restrict enhanced sentencing for prior drug felonies" under Section 402 to "[b]roaden the existing safety valve;" under section 403 to provide "[c]larification of 18 U.S.C. 924(c); and under section 404 to retroactively apply the Fair Sentencing Act of 2010 to applicable defendants. *Id*. The First Step Act of 2018 does not contain verbiage relating the extension the ADEPA time bar under 28 U.S.C. §2255. Therefore, the First Step Act is not applicable under this cause of action.

[2] The Federal First Offenders Act, 18 U.S.C. § 3607, assists first-time Federal offenders with probation and expungements, for defendants who are "first-time violator[s]" of a controlled substance offense, under 21 U.S.C. § 844, and have not previously received the "first-time offender" benefit. *United States v. Salgueido*, 256 F. Supp. 3d 1175, 1178 (D.N.M. 2017).

assists first-time possession drug offenders with probation and expungements. *United States v. Salgueido*, 256 F. Supp. 3d 1175, 1178 (D.N.M. 2017). Neither the First Step Act nor the Federal First Offender Act are applicable. Ultimately, Plaintiff has not stated any additional grounds that would entitle him to extend his time to file under 28 U.S.C. 2255(f).

In determining that Plaintiff's motion is time barred, the Court looks to multiple caselaw and statutes. Judgment does not become final until the direct review period has expired. *Cf. Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir.1999). Plaintiff's judgment was entered on May 17, 2017 and Plaintiff failed to file an appeal with the Ninth Circuit within fourteen days. *See* Fed. R. App. P. 4(b)(1)(A)(i). Under the United States Supreme Court Rule 13.1, Plaintiff had until August 15, 2017, ninety days after judgment, to file an appeal with the Supreme Court; and even if he did not petition the Court, the statute of limitations ran after the ninety-day period ended. Sup. Ct. R. 13.1; *See Clay v. United States*, 537 U.S. 522 (2003). Under Rule 6(a)(1)(A)[3,4] of the Federal Rules of Civil Procedure, Plaintiff had one year and one day from August 15, 2017 to file his motion. Therefore, any submissions after August 16, 2018 fall outside the statute of limitations.

Plaintiff's motion was filed on January 22, 2019, 159 days after the ADEPA statute of limitations had expired.

///

///

---

[3] According to Rule 6(a)(1)(A) of the Federal Rules of Civil Procedure, when computing "days or a longer period of time" calculation should "exclude the day of the event that triggers the period," which would make August 16, 2017 the triggering day. Fed. R. Civ. P. 6(a)(1)(A).

[4] The Federal Rules of Civil Procedure Rule 6 timing has been applied to 28 U.S.C. §§ 2255 and 2244 motions. See *Patterson v. Stewart*, 251 F.3d 1243 1246 (9th Cir. 2001); *Jaramillo v. United States*, 2020 U.S. Dist. Lexis 83075, n.5; *United States v. Reves*, 774 F.3d 562, 565 n.2 (9th Cir. 2014), n. 2. "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." *See* Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### A. Equitable Tolling

In certain circumstances, the ADEPA one-year statute of limitations may be tolled for equitable reasons.

A § 2255 movant is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. The movant must show that the extraordinary circumstances were the cause of his untimeliness.

*United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (citing *Holland v. Florida*, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130(2010)).

### 1. Diligence

Plaintiff alleges that his "counsel promised…that he was going to file[] some motions to the court a[fter] [his] sentence date[.][That is why] [he] never file[d] anything." [Doc. No. 98. at 12]. Plaintiff filed his first motion to this Court on January 22, 2019. In *Gibbs v. Legrand*, the Ninth Circuit clarified that, under *Holland*, a Defendant must use "reasonable diligence" in an effort to show that he is entitled to equitable tolling. 767 F.3d 879, 889-90 (9th Cir. 2014).

*Holland* reaffirmed that the standard of diligence required of a petitioner seeking equitable tolling is "reasonable," not "maximum feasible" care. (Internal quotation marks omitted). "[R]easonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief." Rather, "[i]t requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances."

*Gibbs v. Legrand*, 767 F.3d 879, 889-90 (9th Cir. 2014) (*See Holland v. Florida,* 560 U.S. 631,653) (quoting Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011).

The Court recognizes Plaintiff's Certificate of Completion of "English as a Second Language" awarded to him on March 14, 2018 and commends him for his efforts. [Doc. No. 98. at 15.]. However, Plaintiff has not shown that he took reasonable efforts to obtain legal assistance by using resources, or provided an explanation of a lack of resources,

available to him while incarcerated. Furthermore, Plaintiff has not shown that he has taken reasonable efforts to communicate with this attorney to inquire about the motions that he allegedly promised to file. The record does not reflect any communication with this Court outside of the present motion, and Plaintiff has not shown any other attempts to appeal or file a motion with any other court during the one-year statute of limitations that would demonstrate Plaintiff diligently pursued his rights. Therefore, Plaintiff was not diligent in pursuing his rights.

### 2. Extraordinary Circumstances

### a. Alleged Attorney Negligence

Plaintiff alleges that the one-year statute of limitations does not bar his motion because "counsel promised…that he was going to file [] some motions to the court a[fter] [his] sentence date[.][That is why] [he] never file[d] anything." [Doc. No. 98. at 12]. The Ninth Circuit held in *United States v. Buckles*, citing *Holland*, that for a court to find attorney negligence, there must be "egregious" conduct that warrants "equitable tolling." 647 F.3d 883, 890 (9th Cir. 2011).

> In *Holland*, the Supreme Court held that an attorney's failure to file a federal habeas petition despite his client's request to do so, and failure to communicate with his client despite letters and phone calls requesting information, was "professional misconduct that. . . could . . . amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling."

*United States v. Buckles*, 647 F.3d 883, 890 (9th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Plaintiff's claim of ineffective assistance of counsel is cognizable, because Plaintiff's attorney did not file an appeal or motions to the court after allegedly promising his client he would do so. However, Plaintiff's claim is distinguishable from *Holland*, where the Court found the attorneys conduct to be an "'extraordinary' instance in which petitioner's attorney's conduct constituted far more than 'garden variety' or 'excusable neglect.'" *Holland v. Florida*, 560 U.S. 631, 652 (2010). The defendant in *Holland* wrote

multiple letters to his attorney requesting that his attorney file his petition; the defendant's attorney failed to conduct research to calculate the proper filing date, despite the defendant's letter to his attorney identifying the applicable rules; and the defendant's attorney failed to communicate after years of the defendants attempts to correspond. *Id*.

In the present motion, Plaintiff has not shown counsel's manner of failing to file an appeal or motion amounts to "egregious" behavior that necessitates equitable tolling. Plaintiff has not shown that he has tried to communicate with his attorney by letters or phone calls; that his attorney miscalculated the filing date of appeal; that he has conducted his own legal research to assist in his appeal; nor has Plaintiff shown that his attorney failed to communicate with him. Therefore, the conduct of Plaintiff's attorney does not rise to a level of "egregious" amounting to an "extraordinary circumstance" that would equitably toll the statute of limitations. *Id*.

### b. Lack of Knowledge of the Law

Plaintiff states that due to his "limited knowledge of the laws," his motion should not be barred by the one-year statute of limitations. However, Plaintiff has not shown that "he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1046 (9th Cir. 2010) (*See Mendoza*, Carey, 449 F.3d at 1070 (9th Cir. 2006)). Therefore, Plaintiff has not shown that his lack of knowledge of the law constitutes an extraordinary circumstance necessitating equitable tolling.

### CONCLUSION

Plaintiff has failed to establish that he is entitled to equitable tolling by (1) showing he was diligently pursuing his rights or (2) showing there was an extraordinary circumstance. Accordingly, the Court finds that Plaintiff's motion is time barred under AEDPA. For the reasons stated, IT IS HEREBY ORDERED that Plaintiff's Motion to

1 | Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED** as
2 | untimely.
3 | **IT IS SO ORDERED.**
4 |
5 | DATED: March 19, 2021

*[signature]*
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE